UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE LUIS ALPIZAR,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 8:06-CV-1624-T-27EAJ
Crim Case No. 8:03-CR-133-T-27EAJ

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1). Petitioner's sole claim is that he was denied the effective assistance of counsel because his attorney did not file a notice of appeal "after being requested to do so." Consistent with *Gomez-Diaz v. United States*, 433 F.3d 788 (11th Cir. 2005), an evidentiary hearing was conducted on January 17, 2007 on Petitioner's claim.[1] Based on the testimony and evidence presented, this Court finds and concludes that Petitioner was not denied the effective assistance of counsel.[2] Specifically, Petitioner's testimony that he requested that Attorney Darlene Barror file an appeal is not credible. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is DENIED.

Pursuant to a written plea agreement, Petitioner pleaded guilty to Count Three of the Indictment which charged him with knowingly and willfully distributing fifty (50) grams or more

---

[1] Counsel was appointed to represent Petitioner during the evidentiary hearing.

[2] At the conclusion of the hearing, this Court announced findings of fact and conclusions of law.

-1-

of a mixture or substance containing a detectable amount of methamphetamine. (CR Dkts. 97, 101). On November 22, 2005, Petitioner was sentenced to 96 months imprisonment, to be followed by 60 months of supervised release. (CR Dkts. 113, 116).

### *Ground One: "Denial of effective assistance of counsel."*

Petitioner's plea agreement sets forth, among other things, the specific charge to which he was pleading guilty, the penalties prescribed by statute, the constitutional rights he was waiving by pleading guilty, including his right to appeal or seek collateral relief and the impact of the sentencing guidelines. (CR Dkt. 101). Specifically, Petitioner expressly waived "the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except, (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution . . ." (CR Dkt. 101, p. 11).

In his Petition, Petitioner alleges that he requested his attorney to file a Notice of Appeal but that his attorney failed to do so. In support, Petitioner filed an affidavit in which he avers:

> "[t]hat immediately after sentencing your affiant reasonably demonstrated to Ms. Barror his desire of wanting to file an appeal by asking Ms. Barror to file one. Ms. Barror lead your affiant to believe that she was going to file the Notice of Appeal, *even though she never consulted with your affiant regarding the possibility of an appeal.*" (Dkt. 132, ¶ 5). (emphasis added)

During the evidentiary hearing, Petitioner testified that immediately after sentence was imposed, he asked his attorney if he could appeal and she confirmed that he could and told him she would visit him in the jail the next day. Petitioner explained that he was transported the next day and did not, therefore, meet with his attorney. He maintained that he specifically asked her to appeal.

Petitioner was represented by attorney Darlene Barror, an experienced criminal defense attorney who is regularly appointed to represent indigent defendants under the CJA and who files appeals on a regular basis on behalf of her CJA clients. Attorney Barror speaks Spanish, as does Petitioner.[3] Attorney Barror filed an affidavit which, together with her testimony, demonstrates that she had numerous discussions with Petitioner concerning his appellate rights. (CV Dkt. 135). According to Attorney Barror, she discussed with Petitioner the advantages and disadvantages of pursuing an appeal in light of the appeal waiver clause in Petitioner's plea agreement, Petitioner's continuing efforts to earn a sentence reduction for cooperation, and the policy of the United States Attorney's office not to file a Rule 35 motion to reduce sentence if a defendant appeals his sentence.

Attorney Barror's testimony, which the Court finds to be credible, establishes that she had numerous discussions with Petitioner concerning his appellate rights before and after sentencing and that Petitioner agreed after each discussion not to appeal but to continue to try to earn a sentence reduction through substantial assistance. Specifically, as her file notes confirm, Attorney Barror discussed Petitioner's appellate rights with him when she explained the appeal waiver clause in the plea agreement, immediately after sentencing, and during three telephone conversations on November 22, 2005, December 5, 2005, and January 24, 2006. According to Barror, Petitioner "agreed each time that he preferred" to continue his cooperative efforts "instead of appealing." (CV Dkt. 135, ¶ 6).[4]

---

[3] Petitioner does not contend that he had any difficulty communicating in Spanish with Attorney Barror.

[4] Petitioner acknowledges that after sentence was imposed, Attorney Barror explained that he had been sentenced to a guideline sentence, that he had waived his right to appeal by virtue of the appeal waiver clause in the plea agreement, and that he had received credit for time served on an unrelated sentence due in part to his cooperation with the Government. He maintains that notwithstanding this explanation, he asked Attorney Barror to file an appeal. When asked if he spoke with Barror by telephone on December 5, 2005, he was evasive, explaining that he was "not sure" he spoke with her. He denied having spoken with her on January 24, 2006. He acknowledged that he spoke with Barror while incarcerated in Tallahassee and that during that conversation, she explained that the only way for him to receive a sentence reduction was to cooperate with the Government.

Petitioner's testimony that he asked Barror to file an appeal immediately after sentencing is simply not credible. Attorney Barror explained that after the Court advised Petitioner of his appellate rights, Petitioner thought that the Court was recommending that Petitioner appeal. She explained to Petitioner that the Court was merely advising him of his appellate rights. She advised Petitioner at that time that an appeal would be contrary to the appeal waiver clause and his efforts to cooperate and earn a sentence reduction. Barror was adamant that Petitioner did not instruct her to file an appeal and that he agreed to continue to cooperate and attempt to earn a sentence reduction rather than appeal.

On the day after sentencing, Barror went to the local jail to confer with Petitioner but was not able to as he had been transported. She spoke with Petitioner by telephone on December 5, 2005, and he again mentioned the Court's advice concerning his appellate rights. She again explained the Court's statements and they discussed the disadvantages of appealing in light of the policy of the United States Attorney's office not to file a Rule 35 motion if an appeal was filed. Petitioner again confirmed his decision to forego an appeal and continue his cooperation.[5] Attorney Barror spoke with Petitioner again on January 24, 2006. They discussed, "in passing," that they were not appealing, again demonstrating that, contrary to Petitioner's affidavit and testimony, Attorney Barror and Petitioner had numerous discussions about Petitioner foregoing an appeal in favor of his continuing to cooperate and that Petitioner had decided to forego an appeal.

Attorney Barror's testimony demonstrates that she explained the advantages and disadvantages of appealing to Petitioner and made reasonable efforts to determine his wishes.

---

[5] Attorney Barror received a call from Petitioner's mother on December 7, 2005, who asked her about an appeal. Ms. Barror suggested that Petitioner's mother have Petitioner call Barror.

Petitioner was satisfied with her advice and decided not to pursue an appeal. Attorney Barror acknowledges that her explanations to Petitioner immediately after sentence was imposed apparently "did not take," as evidenced by her conversation with Petitioner on December 5th and his mother's call on December 7th. During each conversation with Petitioner, however, Attorney Barror satisfied her responsibilities to provide effective assistance of counsel, explaining the advantages and disadvantages of appealing. Based upon Attorney Barror's testimony, as documented by her file notations, Petitioner never directed Barror to file an appeal. As Barror explained, she would have had no reason not to file an appeal if Petitioner had directed her to do so and in fact would have had earned additional compensation by filing an appeal.

It is apparent that Petitioner's contention that he directed Attorney Barror to appeal is a convenient fiction.[6] Petitioner's credibility was substantially undermined by Barror's testimony and her documented file entries regarding the numerous conversations she had with Petitioner. Contrary to Petitioner's several contentions that he never heard from his attorney after being sentenced, the record confirms that Attorney Barror discussed Petitioner's decision to forego an appeal with Petitioner on at least four separate occasions. On each of those occasions, Petitioner confirmed his decision not to appeal and his desire to continue his cooperative efforts. Given Petitioner's understanding and agreement with Attorney Barror's explanation and advice, Barror's consultations

---

[6] It is likewise apparent that Petitioner may very well be the victim of a jail house lawyer's attempt to manipulate the federal criminal justice process on behalf of Petitioner. Petitioner does not read or write English, yet, his letters to the Court and Barror are in English, as are his pleadings. For example, notwithstanding the many conversations he had with Attorney Barror and the decision he made and confirmed to her not to appeal, Petitioner wrote to the Court and stated that ". . . I have yet to receive any word from an attorney or letter that an appeal was filed on my behalf . . . and it has been 3 months and still no word." (CR Dkt. 121). Petitioner filed a *pro se* construed request for belated appeal on March 20, 2006. (Dkt. 121). He filed a notice of appeal from the order denying his construed request for belated appeal but then inexplicably filed a notice of voluntary dismissal with the Eleventh Circuit. (CR Dkts. 123, 126).

satisfy the requisite "reasonable effort to determine the client's wishes." *Roe v. Flores-Ortega,* 528 U.S. 470, 478 (2000).

It is well settled that an attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner. *Gomez-Diaz,* supra at 792. Where, however, as here, Petitioner did not specifically request that his attorney file an appeal, the attorney has not rendered ineffective assistance of counsel.[7] Notwithstanding that Petitioner seemingly had questions about his decision, Attorney Barror demonstrated her effectiveness by continuing to confer with Petitioner and explain his options, demonstrating her intent to ascertain and confirm his wishes. After repeated confirmations by Petitioner that he did not want to appeal, Attorney Barror's failure to file an appeal cannot be considered "professionally unreasonable." *Strickland v. Washington,* 466 U.S. 668, 691 (1969). Accordingly, it is

**ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is DENIED. All pending motions are denied as moot. The clerk is directed to enter judgment against Petitioner and close this case.

**DONE AND ORDERED** in chambers this 23rd day of January, 2007.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner
Counsel of Record

---

[7] As Petitioner's sentence was with the applicable sentencing guideline range and he had expressly waived his right to appeal by virtue of the appeal waiver clause in the plea agreement, there were no nonfrivolous grounds for appeal.